# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARGARET O'LEARY,<br>    Plaintiff | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| PATRICK DIGGINS and | ) | **AND JURY DEMAND** |
| TRUSTEES OF THE COLLEGE OF THE | ) | |
| HOLY CROSS, | ) | |
|     Defendants. | ) | |
| | ) | |

## THE PARTIES

1. The Plaintiff, Margaret O'Leary, is currently a citizen of the State of Connecticut and a resident of Waterbury, Connecticut.

2. At all times relevant hereto, the Plaintiff, Margaret O'Leary, was a student athlete at The College of the Holy Cross in Worcester, Massachusetts, County of Worcester and resided on campus in Worcester, County of Worcester.

3. The Defendant, Patrick Diggins (hereinafter "Diggins"), is a citizen of the Commonwealth of Massachusetts and resident of Holden, County of Worcester, Massachusetts.

4. The Defendant, Trustees of the College of the Holy Cross (hereinafter "Holy Cross"), is a private liberal arts college with its principal place of business located at 1 College Street, Worcester, Massachusetts, County of Worcester.

5. At all times relevant hereto, Defendant Diggins was acting in his official capacity as the Director of Rowing and/or Women's Rowing Team Head Coach for Defendant Holy Cross.

6. At all times relevant hereto, Defendant Diggins was an employee and/or agent and/or servant for Defendant Holy Cross and was acting within the course and scope of his employment with the College of the Holy Cross with the knowledge, permission, or consent of Defendant Holy Cross, and was acting under Defendant Holy Cross's control and/or in the furtherance of its interests.

## JURSIDICTION AND VENUE

7. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this district under 28 U.S.C. 1391(b)(1) because all Defendants reside within the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

9. At all times relevant hereto, Plaintiff Margaret O'Leary was a member of the Women's Rowing Team at Holy Cross.

10. At all times relevant hereto, Defendant Diggins was the Head Coach of the Women's Rowing Team at Holy Cross.

11. Some time prior to January 15, 2020, a training trip was organized and arranged by Defendant Holy Cross for the women's rowing team to travel from Massachusetts to Florida for training.

12. On Monday, January 13, 2020, Defendant Diggins and Assistant Coach Stephanie Ricker arrived in Florida ahead of the team's expected arrival the following day.

13. On January 15, 2020, at approximately 7:26 a.m., Defendant Diggins was operating a 2020 Ford Transit passenger van, occupied by student athletes, including Margaret O'Leary, who were members of the Holy Cross women's rowing team, while traveling southbound on Indian River Boulevard in Vero Beach, Florida.

14. At that same time, Mr. Ronald Wolf was operating a Dodge Ram pick-up truck, while traveling northbound on Indian River Boulevard in Vero Beach, Florida.

15. Mr. Wolf had a solid green light to proceed northbound through the intersection of Indian River Boulevard and East State Road 60 (Merrill Barber Bridge).

16. As Defendant Diggins approached the intersection of Indian River Boulevard and East State Road 60 (Merrill Barber Bridge), he merged into the far left turning lane with the intention of making a left-hand turn onto the Merrill Barber Bridge.

17. At all times material hereto, the southbound left turn lane at the above-referenced intersection was equipped with a solid light indicator and a green arrow indicator.

18. At the above-referenced time and place, the green arrow indicator for southbound traffic was not illuminated. Instead, Defendant Diggins had a solid green light indicating that he must yield to oncoming traffic and only proceed with a left turn through two northbound lanes of traffic when it is safe to do so.

19. At the above-referenced time and place, the Ford Transit van, operated by Defendant Diggins, suddenly and without any warning, turned into the northbound lanes of traffic and collided with the motor vehicle operated by Mr. Wolf.

20. Defendant Diggins failed to yield the right-of-way to traffic traveling northbound on Indian River Boulevard.

21. The points of contact were the front passenger side of the van that Defendant Diggins was operating and the front bumper of the oncoming vehicle.

22. The force from the collision caused the vehicles to travel in different directions after the impact, which resulted in the van (operated by Defendant Diggins) coming to a final rest approximately 60 feet away from the point of impact, in the northeast corner of the intersection.

23. As a direct and proximate result of the collision, the Plaintiff, Margaret O'Leary, sustained catastrophic injuries including, but not limited to, a traumatic brain injury, a right hip labrum tear and microfracture, a left hip labrum tear, a left frontal lobe brain bleed (subarachnoid hemorrhage/intracranial hemorrhage), a pelvic fracture, a left pubic symphysis fracture, a fractured jaw, cervical spine injuries, lumbar spine injuries, multiple contusions and lacerations, acute traumatic stress disorder, post-traumatic stress disorder, memory loss, and post concussive syndrome.

24. In the years and months leading up to the collision that occurred on January 15, 2020, employees of Defendant Holy Cross and students enrolled at Defendant Holy Cross expressed their concerns to Defendant Holy Cross regarding Defendant Diggins' propensity to engage in careless and negligent behavior, while he was acting within the course and scope of his employment.

25. In the Spring of 2019, several members of the Holy Cross women's rowing team created a five-page memorandum outlining many of their concerns with respect to Defendant Diggins' behavior.

26. In an email sent directly to Defendant Holy Cross, which attached the above-referenced memorandum, a member of the Holy Cross women's rowing team wrote the following:

4

"Throughout the process of compiling this document, we sought counsel from many members of the Holy Cross administration, including Dean Shawn Maurer and multiple professors and chaplains—all of these parties supported us in coming forward."

27. In an email sent July 3, 2019, to Marcus Blossom, the Athletic Director at Holy Cross, a member of the Holy Cross women's rowing team wrote the following: "My teammates and I did not make the decision to raise concerns about Coach Diggins lightly. We took careful steps to seek counsel and go through proper channels, all while continuing to train, compete, and, more importantly, keep up with our academics. We are determined to see that our concerns are properly examined for the safety and well-being of the current team as well as future teams."

28. The memorandum identified in paragraph 25, which was authored by several student athletes with first-hand knowledge of Mr. Diggins' behavior, describes a "failure to provide appropriate safety measures" and states that Defendant Diggins "regularly damages equipment, including boats, from lack of knowledge and carelessness."

29. In the memorandum identified in paragraph 25, which was sent directly to the Holy Cross Athletic Director, Defendant Diggins is described as being "negligent" with respect to the handling of injuries sustained by rowing team members in the past.

30. In an email sent July 10, 2019 to Marcus Blossom, the Athletic Director at Holy Cross, the parent of a Holy Cross women's rowing team member wrote the following: "I wanted to introduce myself and express my growing concern over what appears to me, to be the college not taking the concerns outlined [in the memorandum] seriously."

31. In an email sent July 11, 2019 to Marcus Blossom, the Athletic Director at Holy Cross, another parent of a Holy Cross women's rowing team member wrote the following:

"As a parent who has supported the team at many competitions each of the last four years, I have seen first-hand many of the issues raised in the students' document. I have also seen first-hand numerous occasions where the head coach [Defendant Diggins] has shown members of his team and many of the team's parents inexcusable disrespect."

32. Upon information and belief, several members of the Holy Cross women's rowing team voiced concerns to Defendant Holy Cross, prior to January 15, 2020, regarding Defendant Diggins' ability to perform his job duties in a safe and careful manner.

33. In an email sent March 13, 2019, from an Assistant Chaplain at Holy Cross to a member of the women's rowing team, the Assistant Chaplain wrote the following: "I am deeply concerned about the state of things on the women's crew team and with the leadership as you describe it to me, both of the team and of the athletic department in general....There are deep-seated problems here that must be taken outside of the athletics chain of command."

34. Concerns regarding Defendant Diggins' careless and negligent behavior were not adequately addressed by Defendant Holy Cross.

35. A document sent to Defendant Holy Cross by a student athlete subsequent to the January 15, 2020 collision, but referring to pre-collision conduct by Defendant Diggins, states: "Yesterday, marks one month since Grace Rett and 10 other teammates stepped into a van driven by head coach Patrick Diggins. Preliminary police reports state that Coach Diggins failed to yield and made a fatal turn into oncoming traffic. As every single one of you involved in this investigation are well aware, this is not the first time the head coach has inadvertently put members of the women's rowing team in direct

danger or distress....I feel the administration has failed to protect the wellbeing of its students."

**COUNT I— CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, PATRICK DIGGINS, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE**

The Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein and further alleges:

36. On or about January 15, 2020, Defendant Diggins, owed a duty to the passengers in the van he was operating, including the Plaintiff, to operate the van in a safe, careful, and prudent manner.

37. Defendant Diggins breached the duty of reasonable care owed to the Plaintiff, Margaret O'Leary, by:

    a. Failing to pay attention to the traffic surrounding the vehicle he was operating;

    b. Failing to drive with due care;

    c. Failing to obey traffic control signals;

    d. Failing to properly observe his surroundings;

    e. Operating the Ford Transit van in a careless and reckless manner;

    f. Violating Mr. Ronald Wolf's right-of-way;

    g. Operating the Ford Transit van while distracted; and

    h. Upon information and belief, operating the Ford Transit van while using a cellular device in a reckless disregard for the life and safety of others.

38. On or about January 15, 2020, the Defendant Diggins, breached the duty of care owed to the Plaintiff, when he drove his vehicle in a negligent manner in contravention of the rules of the road causing a collision between the Ford Transit van and another motor vehicle.

39. As a direct and proximate result of the negligence of Defendant Diggins, the Plaintiff, Margaret O'Leary, through no fault of her own, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and the Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against the Defendant, Patrick Diggins, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

### COUNT II— CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, TRUSTEES OF COLLEGE OF THE HOLY CROSS, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON RESPONDEAT SUPERIOR

The Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 39 above as if fully set forth herein and further alleges:

40. On or about January 15, 2020, Defendant Diggins, was operating a van in the course and scope of his official duties and employment as Head Coach of the Women's Rowing Team at College of the Holy Cross.

8

41. On or about January 15, 2020, Defendant Diggins, while in the course and scope of his employment with College of the Holy Cross was negligent in his operation of a motor vehicle for which the Trustees of College of Holy Cross are responsible.

42. Defendant Holy Cross is liable via respondeat superior for the acts and omissions of Defendant Diggins, while Defendant Diggins was operating the Ford Transit van within the course and scope of his employment with Defendant Holy Cross.

43. As a direct and proximate result of the negligence of Defendant the Plaintiff, Margaret O'Leary, through no fault of her own, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and the Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against the Defendant, Trustees of College of Holy Cross, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

**COUNT III—CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, PATRICK DIGGINS, FOR PHYSICAL AND PSYCHOLOGICAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 43 above as if fully set forth herein and further alleges:

9

44. On or about January 15, 2020, Defendant Diggins owed Plaintiff a duty of care to operate a motor vehicle within which the Plaintiff was a passenger in a safe and prudent manner.

45. On or about January 15, 2020, Defendant Diggins breached the duty of care he owed the Plaintiff when he operated a motor vehicle in a negligent manner so as to cause a collision between the vehicle he was operating and another vehicle.

46. As a result of Defendant Diggins' conduct, the Plaintiff, Margaret O'Leary, was caused to sustain and did sustain serious, debilitating, and disabling psychological distress, which also manifested in physical injuries.

47. As a direct and proximate result of the negligence of Defendant Diggins, the Plaintiff, Margaret O'Leary, through no fault of her own, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and the Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against the Defendant, Patrick Diggins, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

**COUNT IV—CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, TRUSTEES OF COLLEGE OF THE HOLY CROSS, FOR PHYSICAL AND PSYCHOLOGICAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 47 above as if fully set forth herein and further alleges:

48. On or about January 15, 2020, Defendant Diggins was operating a van in the course and scope of his official duties and employment as Head Coach of the Women's Rowing Team at College of the Holy Cross.

49. On or about January 15, 2020, Defendant Diggins, while in the course and scope of his employment with College of the Holy Cross was negligent in his operation of a motor vehicle for which the Trustees of College of Holy Cross are responsible.

50. As a result of the negligent conduct of Defendant Diggins, the Plaintiff, Margaret O'Leary, sustained very serious, debilitating and disabling psychological distress, which also manifested in physical injuries.

51. As a direct and proximate result of the negligence of Defendant Diggins, the Plaintiff, Margaret O'Leary, through no fault of her own, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and the Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against the Defendant, Trustees of College of Holy Cross, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

## COUNT V—CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, TRUSTEES OF COLLEGE OF THE HOLY CROSS, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENT RETENTION AND SUPERVISION OF DEFENDANT, PATRICK DIGGINS

The Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 51 above as if fully set forth herein and further alleges:

52. At all times material hereto, Defendant Holy Cross had a duty to prohibit an employee from continuing to perform his/her job duties if Defendant Holy Cross knew or should have known that the employee was acting in a careless or negligent manner.

53. Documentation sent directly to Defendant Holy Cross prior to the January 15, 2020 collision clearly raised questions specifically regarding Defendant Diggins' ability to perform his job duties in a safe, careful and non-negligent manner.

54. Prior to January 15, 2020, Defendant Holy Cross knew, or in the exercise of reasonable care, should have known, that Defendant Diggins was a negligent and reckless motor vehicle operator, texted while driving, and consistently drove in a manner inconsistent with the rules of the road.

55. Prior to January 15, 2020, Defendant Holy Cross knew, or in the exercise of reasonable care, should have known, that Defendant Diggins posed an unreasonable risk of harm to student-athletes at Holy Cross, including the Plaintiff, when operating motor vehicles with student-athletes as his passengers.

12

56. Prior to January 15, 2020, Defendant Holy Cross knew, or in the exercise of reasonable care, should have known, that Defendant Diggins was at an increased risk for causing a motor vehicle collision while operating a motor vehicle with student-athletes, including the Plaintiff, as passengers.

57. Prior to January 15, 2020, Defendant Holy Cross, investigated claims brought against Defendant Diggins, yet failed to take any remedial or disciplinary action against Defendant Diggins or to find a suitable alternative to Defendant Diggins, to operate the subject van which held eleven (11) student athletes, including the Plaintiff.

58. Defendant Holy Cross breached the duty identified in paragraph 52 by allowing Defendant Diggins to continue in his role as Director of Rowing and/or Women's Rowing Team Head Coach, a role that consisted of keeping students safe and free of harm.

59. As a direct and proximate result of Defendant Holy Cross's negligence, Defendant Diggins was allowed to operate vehicles in the course and scope of his employment with Holy Cross and did so during the training trip in January 2020.

60. As a direct and proximate result of the above-described negligence the Plaintiff, Margaret O'Leary, through no fault of her own, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and the Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against the Defendant, Trustees of College of Holy Cross, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

## COUNT VI—CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, TRUSTEES OF COLLEGE OF THE HOLY CROSS, PREDICATED ON GROSS NEGLIGENCE

The Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 60 above as if fully set forth herein and further alleges:

61. At all times material hereto, Defendant Holy Cross had a duty to refrain from conduct that is so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

62. Prior to January 15, 2020, Defendant Holy Cross had received actual notice of Defendant Diggins' propensity to engage in careless and negligent behavior, while acting within the course and scope of his employment.

63. Despite having actual notice regarding Defendant Diggins' careless and negligent behavior, Defendant Holy Cross allowed Defendant Diggins to continue in his role as Director of Rowing and/or Women's Rowing Team Head Coach, a role which involved protecting the safety and wellbeing of student athletes.

64. By allowing Defendant Diggins to continue in his supervisory role, which involved keeping student athletes safe, Defendant Holy Cross breached the duty it owed by acting with a conscious disregard or indifference toward the life, safety, or rights of its students.

14

65. As a direct and proximate result of the gross negligence of Defendant Holy Cross, the Plaintiff, Margaret O'Leary, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and the Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against the Defendant, Trustees of College of Holy Cross, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

## COUNT VII—CLAIM OF THE PLAINTIFF, MARGARET O'LEARY, AGAINST THE DEFENDANT, TRUSTEES OF COLLEGE OF THE HOLY CROSS PREDICATED ON RECKLESSNESS

The Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 65 above as if fully set forth herein and further alleges:

66. At all times material hereto, Defendant Holy Cross had a duty to refrain from conduct that is so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

67. Prior to January 15, 2020, Defendant Holy Cross had received actual notice of Defendant Diggins' propensity to engage in careless, negligent and/or reckless behavior, while acting within the course and scope of his employment.

68. Despite having actual notice regarding Defendant Diggins' careless, negligent and/or reckless behavior, Defendant Holy Cross allowed Defendant Diggins to continue in his role as Director of Rowing and/or Women's Rowing Team Head Coach, a role which involved protecting the safety and wellbeing of student athletes.

69. By allowing Defendant Diggins to continue in his supervisory role, which involved keeping student athletes safe, Defendant Holy Cross breached the duty it owed by acting with a conscious disregard or indifference toward the life, safety, or rights of its students despite knowledge of facts which create a high degree of risk or physical harm to its students.

70. As a direct and proximate result of the recklessness of Defendant Holy Cross, Plaintiff, Margaret O'Leary, sustained catastrophic and permanent injuries to her body and extremities, and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injuries, inconvenience, scarring, loss of capacity for the enjoyment of life, aggravation or activation of a pre-existing condition, impairment of future earning capacity, the expense of medical care and treatment. These losses are either permanent or continuing and Plaintiff, Margaret O'Leary, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Margaret O'Leary, demands judgment against Defendant, Trustees of College of Holy Cross, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related damages and losses, together with interest and costs.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.</u>**

DATED THIS 9th day of December 2022.

> THE PLAINTIFF,
> MARGARET O'LEARY
>
> By _____
> Louis Martocchio, Esq.
> MA #6817671
> Moore, O'Brien & Foti
> 891 Straits Turnpike
> Middlebury, CT 06762
> Phone: 203-272-5881
> Fax: 203-272-9273
> Email: lmartocchio@mojylaw.com
> Attorney(s) for Plaintiff

## **PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

DATED THIS 9th day of December 2022.

THE PLAINTIFF,
MARGARET O'LEARY

By _____

Louis Martocchio, Esq.
MA #6817671
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: 203-272-5881
Fax: 203-272-9273
Email: lmartocchio@mojylaw.com
Attorney(s) for Plaintiff